UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
PHILOMAN SMITH,

               Petitioner,               **MEMORANDUM & ORDER**

      -against-                       Civil Action No. 04-0146

UNITED STATES OF AMERICA,

               Respondent.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
**APPEARANCES:**

**For Petitioner**:
Philoman Smith, Pro Se
#60117-053
FCI-Fort Dix
P.O. Box 2000
Fort Dix, NY 08640-0902

**For Respondent:**
Roslyn R. Mauskopf
United States Attorney
Eastern District of New York
One Pierrepont Plaza
Brooklyn, New York 11201
By: Richard P. Donaghue Assist. U.S. Attorney

**HURLEY, Senior District Judge:**

      Petitioner Philoman Smith ("Petitioner") moves pursuant to 28 U.S.C. § 2255 to vacate, set aside or correct his sentence arising from 2002 conviction in this Court. For the reasons set forth below, the motion is DENIED.

### *Background*

      Petitioner seeks to challenge a judgment, which followed a plea of guilty pursuant to a written plea agreement (the "Plea Agreement"), convicting Petitioner of one count of violating 21 U.S.C. § 841(a)(1).

Petitioner was indicted on August 21, 2001 and charged in a one count indictment with distribution of and possession with intent to distribute five grams or more of cocaine base. On March 1, 2002, Petitioner pled guilty to the lesser included offense admitting that he distributed and possessed with intent to distribute a substance containing cocaine base.

In paragraph 4 of the Plea Agreement, Petitioner agreed not to "file an appeal or otherwise challenge the conviction or sentence in the event the Court imposes a sentence of 188 months or less. This waiver is binding on the defendant even if the Court employs a guideline analysis different from that set forth in paragraph 2."

A Presentence Investigation Report (the "Report") was prepared by the United States Probation Department. In the Report, petitioner's Base Offense level was initially calculated to be 26 and his criminal history category to be IV. However, because of his prior state felony convictions, Petitioner was deemed to be a career offender under §4B1.1. With the application of the career offender enhancements, the Probation Department calculated the Petitioner's Base Offense level to be 32 and his criminal history category to be VI. After a reduction for acceptance or responsibility, the Petitioner's sentencing guidelines range was 151 to 188 months.

Sentencing was held on January 7, 2003. At that time, Petitioner's counsel moved for horizontal and vertical downward departures on various ground. The court granted both horizontal and vertical departures. This Court found that a criminal history category VI designation significantly over-represented the seriousness of the Petitioner's criminal history and downwardly departed from category VI to V, stating:

> What I'm thinking about . . . would in essence be to eliminate the career offender adjustment. That would then place him after a deduction of the acceptance of responsibility, that would place him

> in a 23 with a criminal history category of V which would call for a range of incarceration between 84 and 105 months . . . What I will do is, with respect to the other aspect of this departure presently under discussion, I'm going to exercise my discretion to also vertically depart and the vertical departure will consist of the following. The enhancement for career offender adjustment which is set forth in paragraph 16 of the presentence is deleted. So that means that the resulting six level increase is no longer part of the calculations. That means that the total offense level here . . . would be a 23 and we are talking about a criminal history category of V and that would call for a range of incarceration between 84 and 105 months.

Tr. of Sentencing at 23-25. The Court then sentenced Petitioner to 96 months imprisonment.

Thereafter, on January 12, 2004, petitioner commenced this action pursuant to 28 U.S.C. § 2255. According to the petition, (1) The Career Offender Statute is void as applied to petitioner as his predicate convictions were state convictions to which he was entitled to a presumption of innocence; and (2) "[d]efense counsel ineffectively failed to know the necessary constitutional law for a proper adjudication of the sentencing in this case. Regardless, the complained error is jurisdictional in character and therefore cognizable on collateral review." There is no claim in the petition that petitioner did not understand the waiver contained in his plea agreement.

***Discussion***

It is well settled that "[i]n no circumstance . . . may a defendant, who has secured the benefit of a plea agreement and knowingly waived the right to appeal a certain sentence then appeal the merits of the sentence conforming to the agreement." *United States v. Salcido-Contreras,* 990 F.2d 51, 53 (2d Cir. 1993). Similarly, a defendant who has secured the benefit of a plea agreement and knowingly waived the right to collaterally attack a certain sentence may

not then collaterally attack the sentence conforming to the agreement. *Garcia-Santos v. United States,* 273 F.3d 506 (2d Cir. 2001). *See also United States v. Haynes,* 412 F.3d 37 (2d Cir. 2005); *United States v. Morgan,* 406 F.3d 135 (2005); *United States v. Monzon,* 359 F.3d 110 (2d Cir. 2004); *United States v. Yemitan,* 70 F.3d 746, 747-48 (2d Cir. 1995). If, however, Petitioner maintained that his guilty plea was not knowingly entered due to counsel's inadequacies in representation, or that he misunderstood the plea agreement's waiver provision for the same reason, the waiver would not be fatal to the current application. *United States v. Hernandez,* 242 F.3d 110, 113-14 (2d Cir. 2001). Inasmuch as Petitioner claims that his counsel "ineffectively failed to know the necessary constitutional law for a proper adjudication of the sentencing in this case" and the petitioner is proceeding pro se, the Court will address the merits of the petition.

Claims of ineffective assistance of counsel arising out of the plea process are governed by *Strickland v. Washington,* 466 U.S. 668 (1984). In *Strickland*, the Supreme Court held that to prevail on an ineffective assistance of counsel claim, a petitioner must establish that his counsel performed deficiently and that the deficiency caused actual prejudice to his defense. *Id.* at 687. *See Dunham v. Travis,* 313 F.3d 724, 730 (2d Cir. 2002). Under the first prong, the court must "indulge a strong presumption that counsel's conduct falls within the range of reasonable professional assistance." *Strickland*, 466 U.S. at 689. The petitioner may prove the deficiency prong by establishing that his attorney's conduct fell "outside the wide range of professionally competent assistance," *id.* at 690, and establish prejudice by showing a "reasonable probability" exists that, but for the deficiency, "the result of the proceeding would have been different." *Id.* at 594. "A reasonable probability is one sufficient to undermine confidence in the outcome of the

trial or appeal." *Dunham*, 313 F.3d at 730. Also, the Second Circuit has instructed that a reviewing court should be "highly deferential" to counsel's performance, because "'it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable.'" *Pratt v. Greiner*, 306 F.3d 1190, 1196 (2d Cir. 2002) (quoting *Strickland*, 466 U.S. at 689). Although the test for ineffective assistance of counsel contains two prongs, the Supreme Court specifically noted that the federal district courts need not address both components if a petitioner fails to establish either one. *Strickland*, 466 U.S. at 697. "In particular, a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Id.*

Petitioner has put forth no showing that would satisfy the *Strickland* standard to prove ineffective assistance of counsel. The petition is unclear as to the "constitutional law" counsel failed to raise. It would appear that petitioner is arguing that his counsel should have raise an argument along the lines raised and decided in *Blakely v. Washington*, 542 U.S. 296 (2004). The failure of counsel to raise a *Blakely* argument (i.e. to foresee the holding in *United States v. Booker*, 543 U.S. 220 (2005)) does not rise to the level of ineffective assistance of counsel. *See Lisnoff v. United States,* 2006 WL 1367413 (E.D.N.Y. 2007) (holding that failure to foresee *Booker* claim not ineffective assistance of counsel as it cannot be said that "failure to advance an issue that was not apparent to the judiciary constitutes ineffective performance by counsel."); *Iacobelli v. United States,* 2006 WL 1026440, *2 n.7 (E.D.N.Y. 2006)*; *Kiene v. United States,* 2006 WL 3456308, *4 (S.D.N.Y. 2006); *United States v. Santiago,* 2005 WL 1421632 (D.Conn. 2005) (same); *cf. Guzman*, 404 F.3d 139, 142 (2d Cir. 2005) (holding *Booker'*s holding was not

5

dictated by *Apprendi* and *Blakely* and that it "cannot be said the result in *Booker* was apparent to all reasonable jurists."). Moreover, as evidenced by the sentencing transcript, this Court, in essence, eliminated the career offender adjustment. Thus, petitioner suffered no prejudice.

## *Conclusion*

For the reasons set forth above, the § 2255 motion is DENIED. Pursuant to Fed. R. App. P. 22(b) and 28 U.S.C. 2253(c)(2), a certificate of appealability is denied as petitioner has not made a substantial showing of a denial of a constitutional right. *Miller-El v. Cockrell*, 537 U.S. 322 (2003); *Luciadore v. New York State Div. of Parole*, 209 F.3d 107, 112 (2d Cir. 2000).

The Clerk of Court is directed to close this case.

**SO ORDERED**

Dated: Central Islip, New York
April 20, 2007

/s/
Denis R. Hurley
Senior District Judge